Moore, for the defendants, insisted that this affidavit was ex parte, and could not be received as part of the answer.
The defendant here, it is true, has denied in positive terms that he agreed not to sue this bond; but as to the other part of the bill, stating an agreement by the agent that if the defendants at law should each pay his proportion of $500 before February then next, that execution should be then stayed until they could collect the residue of the debt from their debtors, this he has not positively denied: he says only, he does not believe any such agreement was made; and, indeed, not being present when this judgment was obtained, he could not positively deny it. Therefore it remains unnegatived, and the injunction must be continued. The affidavit annexed, of the agent, Mr. Tatom, cannot be read, he not being a defendant to this bill; and, indeed, he could not be made a defendant, not being interested in the judgment. Had he been made a party, he might have disclaimed any interest or concern therein, and the bill as to him would have been dismissed with costs;and his affidavit cannot be received because it was taken ex parte, and for want of cross-examination may appear in a different dress now from what it would appear were he cross-examined by the complainants, who might suggest matters that he would recollect, and which for (126) want of such suggestion he might not remember. This we have decided over and over again; but we will make an order that the unnegatived fact shall be tried by a jury at the next term. Let the injunction be continued, and make an order for the trial of this fact at the next term; which was done accordingly.
NOTE — Ex parte affidavits cannot be received to support an injunction. Leroy v. Dickerson, 4 N.C. 110.